**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

**MARK S. LUDWIG,**

      **Plaintiff,**

v.                                           **CIV NO. _____**

**SANDIA CORPORATION
aka SANDIA NATIONAL
LABORATORIES, PAM
McKEEVER, and PAT
SMITH,**

      **Defendants.**

**NOTICE OF REMOVAL**

Sandia Corporation ("Sandia"), Pam McKeever, and Pat Smith, Defendants in the above case, by and through their attorneys, Rodey, Dickason, Sloan, Akin & Robb, P.A. (Jeffrey L. Lowry), file this Notice of Removal removing this action to the United States District Court for the District of New Mexico. As grounds for the removal, Defendants state as follows:

**I. Background and Legal Claims**

Plaintiff Mark S. Ludwig filed his Complaint for Disability Discrimination and Retaliation ("Complaint") on or about April 17, 2014. Plaintiff's Complaint is styled *Mark S. Ludwig v. Sandia Corporation aka Sandia National Laboratories, Pam McKeever, and Pat Smith,* D-202-CV-2014-02717, in the Second Judicial District Court, County of Bernalillo, New Mexico. Plaintiff served Sandia's agent for service of process on June 10, 2014.

In his Complaint, Plaintiff asserts, among other things, that he is "an individual with a physical handicap" within the meaning of the New Mexico Human Rights Act and

that Defendants "discriminated against" Plaintiff and "failed or refused to accommodate Plaintiff's physical handicap or serious medical condition." (Compl. ¶¶ 11, 13.) A true and correct copy of all processes, pleadings, and papers served on Defendants are attached hereto as Exhibit A.

Plaintiff alleges that Defendants' conduct caused the loss of "medical benefits," (Compl. ¶ 17), and he attaches to his Complaint and incorporates by specific reference (Compl. ¶ 7) a Charge of Discrimination and Affidavit that he filed with both federal and state agencies. *See* Ex. A. In the Charge of Discrimination attached and incorporated into Plaintiff's Complaint, Plaintiff alleges, "Specific medical benefits were removed from me and the insurance company refused to pay for these medical costs." *See* Ex. A (Charge of Discrimination). In the Affidavit attached and incorporated into Plaintiff's Complaint, Plaintiff alleges that "specific health care coverage was removed from me; medical costs were not being paid for." *See* Ex. A (Affidavit). Plaintiff also alleges that his "insurance coverage for specific procedures had been cancelled." *Id.*

## II. Removal – Federal Question Jurisdiction

This removal is effected pursuant to 28 U.S.C. §§ 1331 and 1441(a), in that the present case is a civil action involving questions of federal law and over which the District Courts of the United States have original jurisdiction. Defendants are removing this action to the United States District Court for the District and Division embracing the place the action is pending: the United States District for the District of New Mexico.

### A.     ERISA Preemption

Plaintiff alleges that Defendants deprived him of "medical benefits," refused to pay "medical costs," and "cancelled" his "insurance coverage" for certain medical

procedures. *See* Ex. A (Compl. ¶¶ 7, 17; Charge of Discrimination; Affidavit.) Plaintiff's health care benefits were provided by Sandia TotalHealth, a health plan administered by UnitedHealth and governed by the federal Employee Retirement Security Income Act ("ERISA"), as a beneficiary under his spouse's health benefits coverage. Declaration of Cara Waymire, attached as Exhibit B, ¶ 3. Plaintiff's employment at Sandia terminated upon his taking long-term disability on April 25, 2014, and Plaintiff's health benefits continued. Exhibit B, ¶ 4. On April 17, 2014, the date Plaintiff filed his complaint, Plaintiff's health benefits were provided by Sandia TotalHealth, an ERISA plan. *See generally*, *Hansen v. Harper Excavating, Inc.* 641 F.3d 1216 (10th Cir. 2011) (complete preemption of health benefits claims determined by whether plaintiff was a participant in an ERISA plan at the time the complaint is filed).

Examining the "well-pleaded" allegations of Plaintiff's Complaint reveals that Plaintiff is asserting a cause of action under ERISA for benefits or to enforce rights to which Plaintiff contends that he has for medical benefits provided pursuant to an ERISA-covered plan. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (court examines the "well-pleaded" allegations of the complaint to determine whether a claim arises under federal law); 29 U.S.C. § 1132(a) (ERISA § 502(a)) (a plan beneficiary has a cause of action under ERISA for benefits or to enforce or clarify benefits). The "preemptive force of § 502(a) is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule." *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004).

"When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of

3

state law, is in reality based on federal law. This claim is then removable." *Beneficial*, 539 U.S. at 8. Plaintiff's Complaint asserts claims under ERISA, and any purported state law claims are completely preempted by federal law, and so this case is removable to federal court.

### B. Federal Enclave Doctrine

Cases that arise from events "occurring within federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998). The allegations in Plaintiff's Complaint concern his employment at Sandia, when he worked on Kirtland Air Force Base. *See generally* Compl.; Declaration of Pam McKeever, attached as Exhibit C. The individual Defendants in this lawsuit, Pat Smith and Pam McKeever, also worked for Sandia on Kirtland Air Force Base during the time that they had any supervisory or managerial responsibilities with respect to Plaintiff. Ex. C, ¶¶ 2-4; *see also* Compl. ¶¶ 5, 6. All of Plaintiff's allegations of "discrimination" and "retaliation" concern alleged actions that took place during Plaintiff's employment at Sandia. *See generally* Compl.

The United States Court of Appeals for the Tenth Circuit has confirmed that Kirtland Air Force Base is a federal enclave subject to exclusive federal jurisdiction. *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012). Under *Akin*, this entire lawsuit may be removed to federal court pursuant to federal question jurisdiction. *Akin*, 156 F.3d at 1034.

### III. This Removal is Timely and All Defendants Join in the Removal.

This Notice of Removal is filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of the initial pleading establishing

4

the case is removable to this Court. It is therefore timely under 28 U.S.C. § 1446(b). All Defendants are represented by the undersigned counsel and join in and consent to removal to this Court. Defendants will file a notice in state court where the action is currently pending that this action has been removed, and Defendants also will serve this Notice of Removal upon Plaintiff.

WHEREFORE, Sandia respectfully removes this matter from the Second Judicial District Court to this Court for determination of all issues.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By /s/ Electronically Filed
   Jeffrey L. Lowry
201 Third St., NW #2200
Albuquerque, New Mexico 87102
Tel:  (505) 766-7541
Fax:  (505) 768-7395
jlowry@rodey.com
***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July 2014, counsel for Sandia Corporation, filed the foregoing pleading through the CM/ECF by virtue of the Court's electronic filing system and emailed a copy to:

stevenksanders@aol.com – Steven K. Sanders/Attorney for Plaintiff

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By /s/ Jeffrey L. Lowry
     Jeffrey L. Lowry