**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARK LUDWIG,

     Plaintiff,

v.                                    Civ. No. 14-629 MV/KK

SANDIA CORPORATION,

     Defendant.

**ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM**

THIS MATTER comes before the Court on Defendant's Motion for Leave to File First Amended Answer and Counterclaim (Doc. 32), filed May 11, 2015. The presiding judge referred this motion to the undersigned on May 13, 2015.[1] (Doc. 33.) The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that the motion is well taken and should be GRANTED.

### *Background and Procedural History*

Plaintiff Mark Ludwig filed this civil action on April 17, 2014 in the Second Judicial District Court for the State of New Mexico, naming Defendant Sandia Corporation and two individual defendants. (Doc. 1-1 at 1-4.) The case was removed to this Court on July 9, 2014. (Doc. 1 at 1.) On August 21, 2014, the parties filed a joint motion to stay the case pending Plaintiff's exhaustion of administrative remedies, which the Court granted the following day. (Docs. 7, 8.) Plaintiff moved to lift the stay and for leave to file an amended complaint on January 20, 2015, and the Court granted this motion on February 5, 2015. (Docs. 10, 11.) On

---

[1] The undersigned enters this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

March 10, 2015, Plaintiff filed a first amended complaint, in which he again named Defendant Sandia Corporation but from which he omitted the former individual defendants. (Doc. 19.)

In his first amended complaint, Plaintiff alleges that Defendant, his former employer, discriminated and retaliated against him in violation of the Americans with Disabilities Act and the Family and Medical Leave Act, and that its discriminatory and retaliatory actions forced him to retire prematurely. (Doc. 19.) In its answer, Defendant denies any wrongdoing and asserts a number of defenses. (Doc. 14.)[2] On May 11, 2015, Defendant filed the motion to amend presently before the Court. (Doc. 32.) In its motion, Defendant seeks leave to amend its answer in two respects: (1) to assert the affirmative defense that the New Mexico Workers Compensation Act provides an exclusive remedy for some or all of Plaintiff's claims; and, (2) to assert a counterclaim against Plaintiff alleging breach of a previous settlement agreement between the parties. (*Id.* at 1-3.) Plaintiff does not oppose the first proposed amendment, but does oppose the second. (*Id.* at 4-5; *see generally* Doc. 39.)

### *Analysis*

Federal Rule of Civil Procedure 15(a) allows a party to amend an initial pleading once as of right, within a limited period of time. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[2] Defendant filed its Answer to Plaintiff's First Amended Complaint between the time Plaintiff tried but failed to file the First Amended Complaint on February 6, 2015 (Doc. 12), and the time he successfully filed it on March 10, 2015. (Doc. 19.)

> virtue of allowance of the amendment, futility of amendment, etc.—the leave
> sought should, as the rules require, be freely given.

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the

[pleading], as amended, would be subject to dismissal."  *Bradley v. Val-Mejias*, 379 F.3d 892,

901 (10th Cir. 2004); *see Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (proposed

amendment is futile if it would be "subject to dismissal for any reason, including that the

amendment would not survive a motion for summary judgment").

The Court in its discretion finds that Defendant should be permitted to amend its answer

as requested.  Defendant timely filed its motion within two months of the Court entering a

scheduling order in the case and in compliance with the court-ordered deadline of May 11, 2015.

(Doc. 27.)  There is no evidence that Defendant has a bad-faith or dilatory motive for seeking to

amend its answer or that its proposed amendment will cause Plaintiff undue prejudice; and,

Defendant has filed no previous amendments.  Plaintiff appears to concede the foregoing points;

the only argument he asserts in opposition to Defendant's motion is that Defendant's proposed

counterclaim would be futile.[3]  (Doc. 39 *passim*.)

Initially, Plaintiff asserts that the proposed counterclaim Defendant seeks to bring against

him is futile because it does not "state a claim to relief that is plausible on its face," *i.e.*, because

it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 39 at 6 (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).)  The Court disagrees.  In its proposed

counterclaim, Defendant alleges that Plaintiff and Defendant entered into a valid, enforceable

settlement agreement, and that Plaintiff breached the agreement by bringing, in this lawsuit,

---

[3] Plaintiff does also argue that *Defendant* breached the prior settlement agreement between them, *e.g.*, by disclosing confidential information contained in the agreement when it filed its motion to amend.  (Doc. 39 at 3.)  However, this appears to be in the nature of either an independent claim for breach of the settlement agreement, or a potential defense to or mitigation of the breach that Defendant alleges Plaintiff has committed, rather than a basis on which to deny leave to amend.  Plaintiff identifies, and the Court is aware of, no legal authority authorizing the Court to deny leave to amend for such a reason.

claims that he agreed to release.  (Doc. 32-1 ¶¶ 7-10, 15.)   The proposed counterclaim cites examples of Plaintiff's alleged attempts to litigate released claims, (*id.* ¶¶ 11-14), and alleges that the breach has caused Defendant damages.  (*Id.* ¶ 16.)

"A settlement agreement is a species of contract."  *Branch v. Chamisa Dev. Corp.*, 2009-NMCA-131, ¶ 33, 147 N.M. 397, 223 P.3d 942.  "Under New Mexico law, the elements of a breach-of-contract action are the existence of the contract, breach of the contract, causation, and damages."  *Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1207, 1271 (D.N.M. 2014). Defendant's proposed counterclaim makes plausible factual allegations as to each of the required elements of a breach of contract claim under applicable state law.  As Defendant argues in its reply, "in spite of Plaintiff's . . . discussion of the plausibility standard, he does not explain how or why [Defendant's] proposed counterclaim does not meet this standard."  (Doc. 41 at 6 (citation omitted).)   The Court therefore finds that Defendant's proposed counterclaim is not subject to dismissal under Rule 12(b)(6) and is not futile on that basis.

Plaintiff also argues that the proposed counterclaim Defendant seeks to bring against him is futile because the factual allegations supporting the proposed counterclaim are incorrect and untrue.  (Doc. 39 at 1-3.)   Specifically, Plaintiff argues that the proposed amendment is "futile because Plaintiff is not in violation of the [prior settlement] agreement" between the parties.  (*Id.* at 1.)   He then offers evidence intended to prove his argument.  (*Id.* at 1-3.)   However, as discussed below, Plaintiff has at most demonstrated genuine factual disputes as to whether he has breached the prior settlement agreement between the parties, and as such, has failed to show that the proposed counterclaim is subject to dismissal on summary judgment and therefore futile. *Watson*, 242 F.3d at 1239-40; *see Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891

(10th Cir. 1991) (movant seeking dismissal on summary judgment must show absence of genuine issue of material fact).

According to the February 2011 settlement agreement between the parties, which Plaintiff attached to his response to Defendant's motion to amend, Plaintiff agreed not to bring future claims on the basis of incidents that also formed the basis of the settled claims.  (Doc. 39-1 at 1-2, 4.)  He also agreed not to bring future claims for injuries arising out of the incidents forming the basis of the settled claims.  (*Id.*)  Finally, Plaintiff agreed not to bring future claims based on "any subsequent acts or failures to act which enhance or aggravate" injuries arising out of the incidents forming the basis of the settled claims.  (*Id.*)  The settlement agreement in turn defined the incidents forming the basis of the settled claims as "all events associated with the employment of [Plaintiff] . . . up to the time of signing" the release in 2011.  (*Id.* at 1.)  In his amended complaint in this action, however, Plaintiff alleges that Defendant, his employer, has engaged in a "long pattern and practice of harassing . . . and retaliating against Plaintiff since 2001."  (Doc. 19 at 17.)  Moreover, since filing the amended complaint, Plaintiff has disclosed potential evidence that appears to pertain only to incidents forming the basis of released claims, or injuries arising from these incidents.  (*See, e.g.*, Doc. 41 at 3.)

This evidence, while not conclusive, certainly suggests that Plaintiff is basing his current claims in part on conduct that also formed the basis of previously settled claims, injuries arising out of such conduct, and/or subsequent acts or omissions that aggravated injuries arising out of such conduct, any of which could constitute a breach of the settlement agreement and properly form the basis of Defendant's proposed counterclaim.  The Court expresses no opinion as to whether Defendant will ultimately be able to prove its counterclaim by a preponderance of the evidence on motion or at trial.  However, the Court does find that Defendant has stated a

plausible proposed counterclaim that does not appear to be subject to dismissal on summary judgment or otherwise at this time.  For all of the above reasons, the Court finds that Defendant's proposed counterclaim is not futile, and is otherwise proper under Rule 15.  The Court will therefore permit Defendant to amend its answer as requested.

IT IS THEREFORE ORDERED that Defendant's Motion for Leave to File First Amended Answer and Counterclaim (Doc. 32) is GRANTED.  Defendant may file its proposed First Amended Answer and Counterclaim within fourteen (14) days of entry of this Order.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE