IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK LUDWIG,

        Plaintiff/Counter Defendant,

v.                                               Civ. No. 14-629 MV/KK

SANDIA CORPORATION,

        Defendant/Counter Claimant.

**ORDER GRANTING IN PART DEFENDANT'S UNOPPOSED MOTION TO SEAL**

THIS MATTER comes before the Court on Defendant's Unopposed Motion to Seal Defendant Sandia's Motion for Summary Judgment and Exhibits (Doc. 60), filed September 28, 2015. The Court, having reviewed the unopposed motion and the relevant law, and being otherwise fully advised, FINDS that the motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART, as follows.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal citations omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d

at 1302.  "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests."  *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1]  The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents.  *Pickard*, 733 F.3d at 1304.  The fact that information has "already been made public" will undermine a party's privacy concerns.  *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149).

In the present matter, Defendant has moved to seal its entire Motion for Summary Judgment (Doc. 61), including all supporting exhibits, for two reasons.  First, Defendant contends that the motion concerns and includes "Plaintiff's medical conditions and records." (Doc. 60 at 1.)  Second, Defendant asserts that the motion also concerns and includes a prior settlement agreement between the parties, which contains a confidentiality provision and which is the subject of an opposed, pending motion to publicly disclose its terms.  (*Id.*)  Courts sometimes seal documents containing "sensitive" or "personal" medical information.  *United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015) (citing cases).  Courts also sometimes seal documents regarding confidential settlement agreements.  *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (citing *Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 n.1-2, 1211 (10th Cir. 2009)).  At other times, however, courts have declined to seal such documents.  *See, e.g., Mann*, 477 F.3d at 1149 (declining to seal documents disclosing plaintiff's father's Alzheimer's disease diagnosis); *Colony Ins. Co.*, 698 F.3d at 1241-42 (declining to seal documents regarding confidential settlement agreement).  As noted above,

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value.  *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

the decision whether to seal court documents must be "based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker*, 315 F. App'x at 755.

Here, Defendant has not yet met its burden of showing a significant interest that heavily outweighs the public's strong, presumptive right of access to Defendant's summary judgment motion, which the Court will of necessity use to adjudicate the parties' substantive legal rights. Furthermore, Defendant does not appear to have considered whether redaction of sensitive and previously undisclosed information would sufficiently protect the parties' privacy interests. In this regard, the Court notes that Plaintiff has already publicly disclosed some of his personal medical information and records in his unsealed original and first amended complaints. (Doc. 1-1 at 6; Doc. 19 at 2-3.) For all of the above reasons, the Court finds that Defendant has failed to justify permanently sealing its summary judgment motion at this time.

Nevertheless, the Court is aware that whether the parties may disclose the terms of their prior settlement agreement in public court filings is also the subject of Defendant's Motion for Order Requiring Public Disclosure in Court Filings of Terms in February 2011 Settlement Agreement and General Release of All Claims (Doc. 59) ("Motion to Disclose"), which motion Plaintiff opposes and which is not yet fully briefed. Because Plaintiff has not yet had the opportunity to address his privacy concerns in response to the Motion to Disclose, the Court will temporarily seal Defendant's summary judgment motion to give him an opportunity to do so.

After the Court has resolved the Motion to Disclose, however, the parties are directed to confer and attempt to agree upon appropriate redactions to Defendant's Motion for Summary Judgment, including exhibits. The parties are to make these redactions in light of the law discussed herein and the Court's resolution of the Motion to Disclose. Such redactions should be no more extensive than necessary to protect the parties' private, sensitive, previously undisclosed

information. If the parties are able to agree upon such redactions, Defendant shall re-file its summary judgment motion unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, either party may file a renewed, appropriately supported motion to seal the summary judgment motion. If neither a redacted summary judgment motion nor a renewed motion to seal is filed within ten (10) days of issuance of the Court's Order resolving the Motion to Disclose, the Court will unseal Defendant's summary judgment motion.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment, including all supporting exhibits, is temporarily sealed, and will be accessible only by the parties and the Court during the pendency of the seal.

IT IS FURTHER ORDERED that, after the Court has resolved Defendant's Motion to Disclose, the parties shall confer and attempt to agree upon appropriate redactions to Defendant's summary judgment motion. If the parties are able to agree upon such redactions, Defendant shall re-file the motion unsealed and with the agreed-upon redactions. If the parties cannot agree upon appropriate redactions, either party may file a renewed motion to seal Defendant's summary judgment motion. If neither a redacted summary judgment motion nor a renewed motion to seal is filed within ten (10) days of issuance of the Court's Order resolving Defendant's Motion to Disclose, the Court will unseal Defendant's Motion for Summary Judgment (Doc. 61), including all supporting exhibits.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE